UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-263-GWU

JUNE SCOTT,                                                                      PLAINTIFF,

VS.                     **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                 DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of her application for Disability Insurance Benefits (DIB). The appeal is currently before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1)

Case: 6:07-cv-00263-GWU   Doc #: 12   Filed: 04/02/08   Page: 4 of 10 - Page ID#: 60

07-263 Scott

> whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid.

In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, June Scott, was found by an Administrative Law Judge (ALJ) to have "severe" impairments consisting of degenerative disc disease of the lumbar spine with right-sided radiculopathy and left ankle malunion. (Tr. 21). Nevertheless, based in part on the testimony of a Vocational Expert (VE), the ALJ determined that Mrs. Scott retained the residual functional capacity to perform a significant number of jobs existing in the economy, and therefore was not entitled to benefits. (Tr. 23-5). The Appeals Council declined to review, and this action followed.

At the administrative hearing, the ALJ asked the VE a series of hypothetical questions, and he ultimately accepted that the plaintiff would be restricted to "light" level exertion with the ability to sit, stand, and walk six hours each in an eight-hour day with the requirement of alternating sitting and standing at will, and that she needed to avoid more than occasional climbing of ramps or ladders or bending at the waist. (Tr. 23, 240-1). The VE testified that there were jobs that the plaintiff

could perform with these restrictions, and proceeded to give the numbers in which they existed in the state and national economies. (Tr. 241).

On appeal, this court must determine whether the hypothetical factors selected by the ALJ are supported by substantial evidence, and that they fairly depict the plaintiff's condition.

Mrs. Scott, who alleged disability due to problems with her lower back, left leg and ankle, neck, and breathing (Tr. 56), was given functional restrictions by two treating sources, Dr. Robert Hoskins and Dr. Jackie Maxey. The restrictions given by Dr. Maxey limited her to less than full-time sitting and standing due to a diagnosis of lower back pain with radiculopathy, in addition to noting that her pain would "often" interfere with attention and concentration. (Tr. 213-16). The ALJ rejected Dr. Maxey's opinion on the grounds that it was inconsistent with the weight of the medical evidence "which indicated that the claimant had chronic lower back achiness and diminished range of motion, with reasonably good strength, reflexes, and sensation." (Tr. 23).

The ALJ did not give a specific reason for rejecting the opinion of Dr. Hoskins, whom he also described as a treating source. (Id.).[1] He noted that Dr.

---

[1] Dr. Hoskins had treated the plaintiff for several years up until July, 2004. (Tr. 108-66). His opinion regarding functional capacity was given after a consultative examination in October, 2005 (Tr. 172), but the ALJ described him as a treating source and the defendant agrees with this description in his brief. Commissioner's Motion for Summary Judgment, Docket Entry No. 11, p. 7.

8

Hoskins had felt that the plaintiff was not giving her full effort on range of motion testing and this made "it difficult for him [to] accurately assess functional capacity." (Id). In fact, the physician made the slightly different statement that Mrs. Scott "probably has significant pain in the back, neck and lower extremities" but "this is difficult to quantify." (Tr. 174). In terms of functional restrictions, he stated, among other things, that "[n]o musculoskeletal limitations were identified that clearly exclude all light carrying, light lifting or some bending, squatting, crawling, climbing or balancing." (Id.). He added that "[t]he patient is not likely fit for heavy lifting, heavy labor, frequent stooping, bending[,] squatting and crawling . . . ." (Id.). Put another way, it appears that Dr. Hoskins was limiting the plaintiff from more than occasional balancing, squatting, and crawling.

The omission of such limitations from the hypothetical question has potential vocational significance according to Social Security Ruling (SSR) 85-15, which provides that some ability to climb and balance is required in most daily activities, and may be critical in some occupations. The ruling states that if a person has some limitation in climbing and balancing <u>and it is the only limitation</u>, it would not ordinarily have a significant impact on the broad world of work. SSR 85-15, p. 6 (emphasis added). This implies that some limitation on balancing in combination with other non-exertional restrictions would have an impact. Therefore, it cannot be

07-263 Scott

said that the omission of Dr. Hoskins's non-exertional restrictions was harmless error.

Nor can the court assume that the ALJ simply intended to reject the opinion of Dr. Hoskins, since he did not explicitly address these restrictions and, as described above, his statement that Dr. Hoskins found the plaintiff's restrictions difficult to quantify is not entirely correct.

The decision will be remanded for further consideration.

This the 2nd day of April, 2008.

Signed By:

*G. Wix Unthank*

**United States Senior Judge**